IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-CR-30025-MJR |
| ) | |
| DOMINIC LEE COOKS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANUM AND ORDER**

REAGAN, Chief Judge:

In February 2016, Defendant Dominic Lee Cooks was charged with one count of possession of a weapon by a felon. The indictment contained a forfeiture allegation for any firearm or ammunition involved in the offense, including, but not limited to, a Cobra, Model FS, .380 caliber, semi-automatic handgun bearing serial number FS091882 and a magazine containing seven rounds of ammunition seized from the defendant. Cooks pleaded guilty before Magistrate Judge Stephen C. Williams on June 30, 2016. The Court accepted Cooks' plea on July 22, 2016, adopting in full the report and recommendation of the magistrate judge. Cooks was sentenced on October 7, 2016, and judgment entered on October 11, 2016.

The Government did not move for the entry of a preliminary order of forfeiture before the defendant's sentencing, and, as a result, no preliminary order was entered as required by Federal Rule of Criminal Procedure 32.2. On May 3, 2017, the Government moved for an order finding no third party interests in the handgun and ammunition,

1

which the Court denied because a preliminary order of forfeiture was not entered before sentencing. The Government now moves the Court to authorize the destruction the handgun and ammunition seized from Cooks. According to the motion, the handgun and ammunition cannot be returned to Cooks because he, as a convicted felon, is prohibited from possessing them. Without an order authorizing the destruction of the seized property, the Government argues, the Illinois State Police will be burdened with storing the firearm and ammunition at their expense.

If the Court enters such an order, the Government represents that it "will, to the extent practicable, provide personal notice of its intent to destroy the firearm and accompanying magazine and ammunition to any known owner(s) of that firearm, should any person(s) with a colorable claim of ownership come to the attention of the Government." (Doc. 43, p.4). The Government, however, also represents that it is not aware of any putative owner other than Cooks, so it is unclear who, if anyone, would receive the described personal notice. The Government cites to the All Writs Act, 28 U.S.C. § 1651(a), as giving the Court the authority to create what boils down to a new procedure for forfeiting the property at issue in this case, albeit under the guise of the different name of "authorization for destruction" of the property. For the reasons discussed below, the Court disagrees that it has the authority to do so.

There are multiple mechanisms by which the federal government may seek to forfeit property. Depending on the circumstances of a case, the Government may pursue, for example, an administrative, civil, or criminal forfeiture of property. Each type of forfeiture is governed by different rules, procedures, and laws. If the

Government chooses to pursue a criminal forfeiture as part of a criminal case, the forfeiture is guided by Federal Rule of Criminal Procedure 32.2. The language of Rule 32.2 is mandatory, describing what the Court must and must not do with respect to criminal forfeitures, and, with respect to the preliminary order of forfeiture, it must be entered in advance of sentencing, unless doing so is impractical.[1] **Fed. R. Crim. P. 32.2(b)(2)(B)**.

After the preliminary order is entered, the Government must provide notice of it in accordance with Rule 32.2. If anyone files a petition asserting an interest in the property to be forfeited, then an ancillary proceeding under the criminal case proceeds to determine whether the preliminary order must be amended to account for any third-party rights. **Fed. R. Crim. P. 32.2(c).** Because these steps did not happen, the Court is not able to make a determination *in this criminal proceeding* as to whether any third-party rights to the firearm and ammunition need to be taken into account before the firearm and ammunition are forfeited. Authorizing the destruction of the property would have an impact on any third-party rights to the firearm and ammunition and would cause, in essence, a forfeiture of the property without requiring the Government to comply with Rule 32.2.

The All Writs Act does not grant the Court the power to authorize destruction of a firearm and ammunition that have not been forfeited. The All Writs Act permits that

---

[1] The Government has not made a showing of impracticality in this case and refers to the failure to move for the entry of a preliminary order of forfeiture as a "simple administrative oversight."

the "Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Carlisle v. United States*, **517 U.S. 416, 429 (1996) (quoting *Pennsylvania Bureau of Correction vs. United States Marshals Service*, 474 U.S. 34, 43 (1985)).** With respect to a criminal forfeiture, however, there are statutes and procedural rules that guide how property interests are established or extinguished, and the Court should not rely on a residual source of authority where these rules and statutes apply. *See, e.g.*, *Carlisle*, **517 U.S. at 429 (declining to issue a writ of *coram nobis* under the All Writs Act where Federal Rule of Criminal Procedure 29 provided the applicable law);** *Godoski v. United States*, **307 F.3d 761 (7th Cir. 2002).** The Court does not have the authority "to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Pennsylvania Bureau of Correction*, **474 U.S. at 43.** Criminal forfeitures are governed by 21 U.S.C. § 853 and Rule 32.2. Given that there is a statutory and procedural framework for a criminal forfeiture and that alternative routes for forfeiture may exist outside of this criminal proceeding, the Court finds that it would be inappropriate to rely on the residual authority of the All Writs Act to authorize the destruction of property that has not been forfeited.

The Court has carefully considered the problem facing the Government and the Illinois State Police. If the Court does not authorize destruction of the property, then the Illinois State Police must store it until the conclusion of a separate forfeiture proceeding,

4

if the Government is able to pursue forfeiture in an alternative proceeding, or, perhaps, indefinitely, if not. This inconvenience, however significant it may be, does not vest power in the Court in this criminal proceeding to authorize the destruction of a handgun and ammunition that has not been forfeited pursuant to Rule 32.2.

While the Court declines to enter an order authorizing the destruction of the handgun and the ammunition, the undersigned is not directing the Government to return the property to the defendant. The record is clear that it was the intent of the parties to forfeit Cooks' interest in the handgun and ammunition. The judgment indicates that Cook forfeited his interest in both, and a consent to forfeiture and destruction of the firearm (Doc. 38) signed by Cooks and his counsel was filed at the same time as the judgment. It is clear that Cooks gave up his interest in the property, but both the judgment and the signed consent are silent as to the interests of any third parties. It is the unresolved potential third party interests in this case that prevent the Court from granting the relief the Government seeks at this time.

As a final note, in certain circumstances, Rule 36 allows the Court to correct an earlier judgment to add an omitted forfeiture, but, after careful consideration, the Court finds that those circumstances are distinguishable from the instant case. In a situation where a preliminary order of forfeiture is entered but, in error, the forfeiture is not included in the judgment, Rule 36 allows a district court to correct the judgment to include the forfeiture. **United States v. Quintero, 572 F.3d 351 (7th Cir. 2009).** In *Quintero*, the judgment mistakenly left out that the defendant's vehicle was to be forfeited, despite the earlier entry of a preliminary order of forfeiture that included the

vehicle. The Seventh Circuit held that, in these circumstances, Rule 36 allowed for a clerical correction to the judgment. Failing to file a motion for the entry of a preliminary order of forfeiture, however, is a different omission than the one at issue in *Quintero*, and the Court finds that, absent a showing of impracticality, Rule 36 does not apply to a situation where the Government fails to seek the entry of a preliminary forfeiture order before sentencing as required by Rule 32.2(b)(2)(B).

Preliminary orders are significant in a criminal forfeiture because they create a mechanism through which a third party may litigate its interest in property subject to forfeiture. While the record is clear that the defendant intended to forfeit his interest in the handgun and ammunition and that he did so knowingly and voluntarily, the Court will not, and does not believe it has the authority to, authorize the destruction of property that has not been forfeited. The authority to forfeit and to destroy the property may lie elsewhere, but it cannot be done in this criminal proceeding.

For all these reasons, the motion for an order authorizing the destruction of a certain firearm (Doc. 43) is **DENIED**.

IT IS SO ORDERED.

DATED June 7, 2017.

**s/ Michael J. Reagan**
Michael J. Reagan
United States District Judge